IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

BOARD OF TRUSTEES OF THE
HEALTH AND WELFARE TRUST
FUND FOR THE INTERNATIONAL
UNION OF OPERATING ENGINEERS
LOCAL 99 AND 99A
3615 North Point Boulevard, Suite C
Baltimore, Maryland 21222

           Plaintiff,

v.                               Case No. :

CAO DAC CORPORATION
500 Giles Place
Sterling, VA 20164,

           Defendant.

## COMPLAINT FOR VIOLATION OF THE LABOR-MANAGEMENT RELATIONS ACT AND THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

Board of Trustees of the Health and Welfare Trust Fund for the International Union of Operating Engineers, Local 99 and 99A ("Fund"), by counsel, for its cause of action against defendant, states as follows:

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and Sections 502(a)(3), 502(d)(1), 502 (e)(1), and 514 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.§§1132(a)(3), 1132(d)(1), 1132 (e)(1) and 1145. This action is to recover liquidated damages, interest,

litigation costs and attorneys' fees owed by the defendant as a consequence of the defendant's failure to make timely contributions to the Fund.

2. Venue is appropriate under 29 U.S.C. §§ 302(d) and 1132(e)(2).

3. Plaintiff Board of Trustees of the Health & Welfare Trust Fund for the International Union of Operating Engineers, Local 99 and 99A sponsors a Health and Welfare Plan (the "Plan"), a jointly-administered employee benefits plan which provides health and welfare benefits for employees represented by the International Union of Operating Engineers Local 99 and Local 99A Union ("Union") and their dependents. The Plan provides health and welfare benefits for employees employed by participating employers pursuant to collective bargaining agreements between the employers and the Union.

4. Defendant CAO DAC Corporation ("Defendant") is a corporation engaged in providing services as a contractor at various government facilities. Defendant maintains its principal office at 500 Giles Place, Sterling, Virginia 20164. Defendant is an "employer" within the meaning of 29 U.S.C. §152(2) and is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5).

5. A number of the employees of Defendant were or are participants in and beneficiaries of the Plan. The Plan is established pursuant to a Trust Agreement in accordance with Section 302 of the Labor-Management Relations Act, as amended, 29 U.S.C. §186. The Fund's principal address is 3615 North Point Boulevard, Suite C, Baltimore, Maryland 21222.

COUNT 1 – LABOR MANAGEMENT RELATIONS ACT

6. Defendant and the Union are signatories to a collective bargaining agreement ("Agreement") effective by its terms from October 1, 2017 to September 30, 2020. A copy of the Agreement is attached hereto and incorporated by reference as Exhibit 1 and made a part hereof.

The Agreement covers employees of the Defendant who work at the Coast Guard Facility, 2701 Martin Luther King Jr. Avenue, SE, in Washington, DC.

7. Pursuant to Article 5, Section 5.1 of the Agreement, Defendant was obligated to file regular contribution reports and to make timely payments to the Fund for contributions for health & welfare benefits on behalf of the employees in the collective bargaining unit represented by the Union and their covered dependents. As a participating Employer in the Plan, Defendant is also responsible for interest on all late payments, and a failure to make timely and full contributions may also result in the imposition of charges including attorneys' fees, costs, liquidated damages and interest. See Section 5.03 of the Health and Welfare Plan and Trust, effective January 1, 2007, as amended, attached hereto and incorporated by reference as Exhibit 2.

8. Defendant has failed to make a timely, monthly contributions to the Plan for the month of October 2019 in the estimated amount of $22,674.00. A copy of the Fund's invoice to Defendant is attached as Exhibit 3. Defendant is also delinquent with regard to interest due on the unpaid contributions in an amount to be determined. In addition, the Fund is entitled to recover audit fees, counsel fees and litigation costs of this action.

WHEREFORE, the Fund requests that this Court:

(a) Order Defendant to comply with the terms of the collective bargaining agreement by submitting the regular reports and make the payments of contributions to the Fund as required by the terms of the collective bargaining agreement;

(b) Order Defendant to provide all necessary books and records to the Fund's auditor so that a full and complete audit may be performed;

(c) Order the entry of judgment in favor of the Fund and against Defendant in an amount not less than $22,674.00, plus the full amount of any additional contributions, liquidated damages and interested determined to be owed;

(d) Order Defendant to pay to the Fund the costs incurred by the Fund in prosecuting this suit, including the costs of an audit, reasonable attorneys' fees and litigation costs; and

(e) Grant such other and further relief as the Court shall deem just and proper.

## COUNT 2 - ERISA

9. Plaintiff readopts, realleges and reincorporates the allegations contained in paragraphs 1 through 8 herein by reference.

10. Section 502(g) of ERISA, 29 U.S.C. §1132(g)(2), provides that in any action instituted by or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is rendered in favor of the plan, award the plan: (a) the unpaid contributions, (b) interest on the unpaid contributions, (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), (d) reasonable attorneys' fees and costs of the action, and (e) such other legal or equitable relief as the court deems appropriate.

11. The failure and refusal of Defendant to pay the contributions and other amounts due and owing to the Fund in accordance with the terms of the Agreement and the Plan violates ERISA.

WHEREFORE, plaintiff requests that this Court:

(a) Order the Defendant to comply with the terms of the collective bargaining agreement and the terms of the Plan;

(b) Order the Defendant to provide all necessary books and records to the Fund so that a full and complete audit may be performed;

(c) Order the entry of judgment in favor of the Fund and against the Defendant in an amount not less than $22,674.00, plus the full amount of any additional contributions, liquidated damages, and interest;

(d) Order the Defendant to pay to the Fund the costs incurred by the Fund in prosecuting this suit, including reasonable attorneys' fees and litigation costs; and

(e) Grant to the Fund such other and further relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Robert E. Paul
Robert E. Paul (9197)
Law Offices of Robert E. Paul, PLLC
1025 Connecticut Ave. NW
Suite 1000
Washington, DC 20036
202-857-5000
202-327-5499 fax

Attorneys for
Board of Trustees of the Health and Welfare Trust Fund For the International Union Of Operating Engineers, Local 99 and 99A